UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 FEB -8 P 1:58
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JEROME ANTOINE,  *<br>Petitioner  *<br>  *<br>  *<br>v.  *<br>  *<br>JOHN ASHCROFT  *<br>ATTORNEY GENERAL  *<br>Respondent  * | FILE NO:<br><br>ALIEN NO: A 43-680-899 |

## PETITIONER'S MEMORANDUM IN SUPPORT OF THE WRIT OF HABEAS CORPUS AND MOTION STAY OF REMOVAL

Petitioner, Jerome Antoine, is presently in custody and for is being held at the South Bay House of Correction in Boston, Massachusetts; he was held on January 10, 2005 in pursuant of the order of removal entered by the Court on January 30, 2002.

A final order of removal was entered against Jerome Antoine on January 30, 2002. following a conviction under 8 USC 1324 (a) (2) (A), and Section 212 (a) (b) (e) (i) of the INA, for aiding or assisting an alien to enter the United States in violation of the law.

In his application for relief, the petitioner asked for asylum, withholding of removal and relief under the United Nation's Convention Against Torture. The petitioner was barred under the aggravated felonies status from seeking for asylum due to his conviction for offense of assisting a n alien to enter the United States. The petitioner was however

*Antoine/page2*

eligible for relief from withholding of removal and for relief under the United Nation's Convention Against Torture (CAT). See Appendix 6 of the transcript of the IJ decision.

## *BIA REVIEW AND AFFIRMANCE OF THE IJ DECISION.*

The BIA returned with a decision affirming the order of removal entered by the IJ on 9/25/2003. See Appendix 5.

The IJ in its review of the petitioner's application for asylum, withholding of removal and relief under the Un Convention Against Torture held that the petitioner was barred from seeking for asylum under Section212(a) (b) (e) (i), for the offense of conviction for aggravated felony. See Appendix 6

The IJ further held that the request for withholding of removal and relief under the United Nation's Convention Against Torture, was not supported by evidence, and was therefore ineligible to relief. See Appendix 5.

## *ERRORS BY THE REVIEW BOARD (BIA)*

The petitioner states that the Review Board erred in law by the denial of his application for withholding of removal because of the lack of documentary evidence. The petitioner states that the circumstances of his flight from Haiti and the absence of his immediate family, relatives made it impossible to obtain the documents that he could have needed to backup his application.

At the time of his flight from Haiti all the entire members of his family were already living in the United States, the petitioner's father and siblings were living in the United

*Antoine/page3*

States and were therefore incapable of assisting in the procurement of the records. The petitioner asserts that the BIA, imposed a higher burden of proof on him by requesting him to obtain records which were impossible to obtain in view of the circumstances of his flight and the various circumstances of his family structure and their absence from Haiti.

**IN THE MATTER OF ACOSTA, 19 I & N DECEMBER 21 (BIA 1985),** the Board of Immigration Appeals, held that uncorroborated testimony might be the best and only evidence the alien can provide of his particular plighte, this was further reinforced by the Court in **Chen v. Slattery, 862F, Supp 814 (EDNY 1994).** The petitioner made a plausible and rational argument and took a rational decision when he decided to abandon everything he had come for, and even abandoned his personal belongings in his flight from Haiti to avoid arrest and further subjection to torture and human degradation. The court further held that because the Petitioner could not remember with specificity the dates and times of the alleged incidents of his brutalisation by the Haitian security forces, he can not be believed and therefore lacked credibility,; and the Court denied his petition for relief, from withholding from removal and relief under Section 3 of the United Nation's Convention Against Torture. See Appendix 6.

 The Immigration Judge abused his discretion by relying on irrelevant considerations. See the matter of Perkovic v. INS, 33 F3d.(1)(5)(6th Circuit 1994).

*<u>Antoine/page4</u>*

The Immigration Court further held that failure to remember the dates and times with specificity eroded his credibility. The petitioner asserts that he had testified in his defense to the effect that he suffered from memory loss and went blank periodically and suffers from forgetfullness as a result of the severe beatings the received to his head and body. The marks of the beating are still visible on the body of the petitioner. The marks and scars of the beatings he received, were further proof of the atrocities committed against him while he was under the custody of the Haitian security agencies. See Appendix 8.

The petitioner further argues that the Immigration Court imposed a higher burden on his request for relief under the UN, Convention Against Torture (CAT). The instructive language in the application of the statute under Section 3 of the United Nation's Convention Against Torture is the subjective condition of the petitioner, rather than an objective condition, or a reasonable man's standard, as may be argued under the Immigration and Naturalization Act (INA).

The petitioner subjective condition is crucial in the determination of the eligibility sought, rather it appears that the Immigration Court applied a higher standard and imposed a condition which was stricter and excessive in the evaluation of his eligibility sought under the statute.

In the light of the foregoing the petitioner respectfully believes that the Immigration Court abused its discretion by relying on inappropriate and or irrelevant consideration, leading to the denial of his request for relief.

*Antoine/page5*

## BASIS OF APPLICATION FOR WRIT OF HABEAS CORPUS

The Petitioner request for release from custody of the US Immigration and the Marshall's Department, pending the final determination of his application and appeals process in the matter, on the ground that he is not a public safety risk and does not bear arms and ammunitions. He does not carry a gun and has never been convicted of the offenses of assault and battery and or any offenses of domestic violence.

Petitioner states that he request for release from the custody, of the US Immigration and US Marshalls Department because he is not flight risk and would make himself available at the Hearing in the matter whenever he is required to appear before the Court, in further pursuit of the matter.

The petitioner states further that he is married to a US Citizen spouse. The US spouse has filed an alien relative petition on his behalf, which is still pending, final adjudication at the Vermont Service Center of the US Citizenship and Immigration Services. See appendix 9.

In the conclusion, the petitioner asks the Court for relief from withholding from removal, and relief form the UN Convention Against Torture and further, the petitioner asks that he be released from further detention and custody of the US Marshalls Department and the US Immigration, pending the final disposition of this matter.

<u>**Antoine/page6**</u>

**RESPECTFULLY SUBMITTED,**

*The Petitioner*
*Jerome Antoine*
*By his attorney*

*Sam Osagiede, Esquire*
*BBO # 636632*
*925 Washington Street, Suite 9*
*Dorchester, Mass 02124*
*Tel: 617-282-1300*

Date: __2/5__, 2005